**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| DONNA MANCINO-HAMILTON, | CIVIL ACTION NO. 09-3270 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. |  |
| HARRY HAMILTON, |  |
| Defendant. |  |

**PLAINTIFF**, who is pro se, applying to proceed in forma pauperis under 28 U.S.C. § 1915 ("Application") (dkt. entry no. 1, Application); and the Court, based upon plaintiff's assertions in support thereof, intending to (1) grant the Application, and (2) direct the Clerk of the Court to file the Complaint; and

**IT APPEARING** that the Court may (1) review a complaint, and (2) dismiss it sua sponte if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, see 28 U.S.C. § 1915(e)(2)(B); and the Court construing this pro se pleading liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), and "accept[ing] as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view[ing] them in the light most favorable to the plaintiff," Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997); but it appearing that the Court need not credit bald assertions or legal conclusions, id.; and

**PLAINTIFF** bringing this action against defendant, Harry Hamilton (dkt. entry no. 1, Compl.); and plaintiff alleging that she and defendant were married under the common law of Pennsylvania on December 18, 1994 and that defendant is the father of plaintiff's son (id. at 1); and plaintiff seeking a declaration of her common law marriage to defendant and to protect her son's rights (id. at 2); and

**IT APPEARING** that this is a domestic relations matter involving marriage over which the Court lacks jurisdiction, as plaintiff seeks a declaration of her common law marriage under Pennsylvania law to defendant, see Ankenbrandt v. Richards, 504 U.S. 689, 702-04 (1992); Galtieri v. Kane, No. 03-2994, slip op. at 3 (3d Cir. Mar. 4, 2004) (stating court has no jurisdiction over domestic relations matter even when complaint is drafted in tort, contract, "or even under the federal constitution"); and

**IT FURTHER APPEARING** that, to the extent plaintiff is attempting to avoid orders issued by state courts, the proper procedure is to seek review through the state appellate process, and then seek certiorari directly to the United States Supreme Court, D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 414-16 (1923); and it appearing that the Rooker-Feldman doctrine prohibits adjudication of an action where the relief requested would require a Federal Court to either determine whether a state

court's decision is wrong or void that decision, thereby preventing the state court from enforcing its orders or judgments, see McAllister v. Allegheny County Fam. Div., 128 Fed.Appx. 901, 902 (3d Cir. 2005); see also Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994) (stating that a losing party may not "seek[] what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights"); and

**THE COURT** thus intending to dismiss the Complaint for lack of jurisdiction under (1) the domestic relations exception to federal jurisdiction, and (2) the Rooker-Feldman doctrine; and for good cause appearing, the Court will issue an appropriate order and judgment.

                                                  s/ Mary L. Cooper
                                                 **MARY L. COOPER**
                                                 United States District Judge

Dated: July 24, 2009